**United States District Court**
For the Northern District of California

1
2
3
4
5                              UNITED STATES DISTRICT COURT
6                              NORTHERN DISTRICT OF CALIFORNIA
7
8    DAVID HANSELL, *et al.*,                          No. C-13-3440 EMC
9                    Plaintiffs,
                                                       **ORDER DENYING DEFENDANT**
10       v.                                            **TRACFONE'S MOTION TO TRANSFER**
11   TRACFONE WIRELESS, INC., *et al.*,                **(Docket No. 22)**
12                    Defendants.
13   _____/
14
15                         I.    **INTRODUCTION**
16        Plaintiffs, David Hansell[1], Edward Tooley, and Christopher Valdez (collectively,
17   "Plaintiffs") filed a class action complaint ("Complaint") on behalf of a nation-wide class, against
18   defendants TracFone Wireless, Inc. ("TracFone"), d.b.a. Straight Talk Wireless, and Walmart
19   Stores, Inc. ("Walmart") (collectively, "Defendants").  Plaintiffs allege that Defendants engaged in
20   unfair and deceptive business practices by falsely advertising that the Straight Talk cellular phone
21   plan Defendants sold allowed "unlimited" data usage, when in fact there were undisclosed data
22   usage limits.  Approximately three weeks after Plaintiffs filed their action, a Florida resident filed a
23   class action complaint based on similar allegations on behalf of a Florida state-wide class in the
24   Southern District of Florida, where TracFone is headquartered.  Since then, the Florida complaint
25   has been amended to allege a nation-wide class.
26
27   _____
28        [1] Plaintiff's name is spelled "Hansel" on the cover page of the Complaint but spelled
     "Hansell" in the rest of the Complaint.  The Court will spell it Hansell.

**United States District Court**
For the Northern District of California

1    Currently pending before the Court is TracFone's motion to transfer ("Motion") pursuant to

2    28 U.S.C. § 1404(a).  Walmart agrees with TracFone's Motion.  The Court **DENIES** TracFone's

3    Motion for the reasons set forth below.

## II.    FACTUAL & PROCEDURAL BACKGROUND

5    The facts according to the Complaint are as follows.  Plaintiffs are residents of California,

6    two from southern California, and one from Alameda.  Compl. ¶¶ 8-10.  Plaintiffs purchased

7    TracFone's Straight Talk wireless service plans either online at Walmart.com or at a local Walmart

8    store.  Compl. ¶¶ 63, 74, 88.  The service plans were advertised as allowing "unlimited" data usage.

9    *Id*.  Long before their service plans expired, however, TracFone "throttled," *i.e.*, reduced the speed

10   of, Plaintiffs' data service or terminated it altogether.  Compl. ¶¶ 67, 78, 94.  When Plaintiffs

11   contacted TracFone's customer representatives, they only got evasive answers and offers of restored

12   service for additional payment.  Compl. ¶¶ 69-70, 80-82, 95-96.

13   Defendant TracFone is the fifth largest wireless carrier in the United States.  Compl. ¶ 11.  It

14   is headquartered in Miami, Florida.  Mot. Levine Decl. ¶ 3.  Close to 90% of its employees work at

15   the Miami headquarters, including executives responsible for advertisements of cellular service

16   plans and data usage limits.  *Id*. at  ¶¶ 4, 5, 7, 10.

17   Plaintiffs filed a class action complaint on behalf of "[a]ll persons in the United States who

18   purchased an 'unlimited' Straight Talk wireless service plan and whose data was throttled or

19   terminated prior to the expiration of the service plan."  Compl. ¶ 101.  Plaintiffs alleged seven

20   causes of action: breach of contract; breach of the covenant of good faith and fair dealing; unjust

21   enrichment; violations of Florida's Deceptive and Unfair Trade Practices Act; violations of

22   California's Unfair Competition Law ("UCL"); violations of California's Consumer Legal Remedies

23   Act ("CLRA"); and unconscionability.  Compl. at ¶¶ 26-34.

24   Approximately three weeks after Plaintiffs filed the Complaint, a Florida resident, Browning,

25   filed a class action complaint in the Southern District of Florida, based on almost identical issues.

26   *See* Mot. Sandrock Decl. Exh. A.  Although Browning initially sought to represent a Florida class,

27   he has since amended his complaint to allege a nation-wide class and to encompass other phone

28   plans offered by TracFone.  *See* Docket No. 37; No. 1:13-cv-22882-MGC, Docket No. 28.

**United States District Court**
For the Northern District of California

1    On November 14, 2013, Plaintiffs' counsel filed on behalf of different plaintiffs two new

2    complaints against TracFone, alleging similar facts, but each with regard to a different phone plan.

3    *See* Plaintiffs' Motion to Relate Case (Docket No. 39), Exhs. A and B.  The two complaints allege

4    the same causes of action as the Hansell complaint, except that there is no cause of action for

5    violations of Florida's Deceptive and Unfair Trade Practices Act.  One of the complaints alleges a

6    California state-wide class, while the other alleges a nation-wide class.  The Court has granted

7    Plaintiffs' Motion to Relate.

8                             **III.   DISCUSSION**

9    A.    Legal Standard

10   The statute governing transfer of venue is 28 U.S.C. § 1404(a).  It provides:

11   > For the convenience of parties and witnesses, in the interest of justice,
12   > a district court may transfer any civil action to any other district or
13   > division where it might have been brought or to any district or division
     > to which all parties have consented.

14   "The purpose of § 1404(a) is to 'prevent the waste of time, energy, and money and to protect

15   litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Vu v. Ortho-*

16   *McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d 1151, 1155 (N.D. Cal. 2009) (quoting *Van Dusen v.*

17   *Barrack,* 376 U.S. 612, 616 (1964)).

18   A district court has discretion in deciding whether to transfer.  *See Ventress v. Japan*

19   *Airlines*, 486 F.3d 1111, 1118 (9th Cir.2007) (stating "the district court's decision to change venue

20   is reviewed for abuse of discretion"; adding that "'[w]eighing of the factors for and against transfer

21   involves subtle considerations and is best left to the discretion of the trial judge.'" (quoting

22   *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979))).  The party

23   seeking transfer has the burden of showing that transfer is appropriate.  *See Commodity Futures*

24   *Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).  The Ninth Circuit has noted that, in

25   exercising its discretion, a court may consider factors such as:

26

27   > (1) the location where the relevant agreements were negotiated and
     > executed, (2) the state that is most familiar with the governing law, (3)
28   > the plaintiff's choice of forum, (4) the respective parties' contacts with

3

United States District Court
For the Northern District of California

the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  Additionally, the presence of a forum selection clause is a "significant factor" . . . .

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (discussing private and public factors affecting the convenience of a forum).

Consistent with the above, courts in this district have commonly articulated the relevant factors as:

(1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho–Mcneil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009).

B.    The Factors

1.    Factor (1), Plaintiffs' Choice of Forum, Weighs Against Transfer

"Although great weight is generally accorded plaintiff's choice of forum, when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  "In judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of the [parties'] contacts with the forum. *Id*. Minimal weight is given if "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter." *Id.*

Although this action is brought as a class action, Plaintiffs' choice of forum is given some presumptive weight.  Moreover, there is significant contact related to Plaintiffs' causes of action with this forum.  *Jones*, *supra*, 211 F.3d at 498-99.  Defendants advertised TracFone's "unlimited" service plans in California, and Plaintiffs allegedly relied on the advertisements and purchased the plans in California, either online or at a local store.  *See* Compl. ¶¶ 15, 63, 74, 88.

In addition, the first-to-file rule adds weight to Plaintiffs' choice of forum.  "The first-to-file rule is a doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011) (quoting *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982)).  Underlying the first-to-file rule is the principle that "when two courts have concurrent jurisdiction over a dispute involving the same parties and issues . . . the forum in which the first-filed action is lodged has priority."  Charles Alan Wright, et al., Federal Practice and Procedure § 3854 (3d ed. 2009).  Because Plaintiffs were the first to file, their choice of forum should receive additional deference consistent with the first-to-file rule.

### 2. Factors (2) and (3) Weigh Only Slightly in Favor of Transfer

In the present case, the convenience of the parties is essentially the convenience of the witnesses.  Here, the parties agree that Plaintiffs and the TracFone executives responsible for advertising and determining data limits would be required to testify.  Plaintiffs reside in California, while TracFone's executives work at TracFone's Miami headquarters.  Compl. ¶¶ 8-10; Mot. Levine Decl. ¶¶ 5-7.  There is no evidence that either forum is more convenient to Walmart.

To the extent that the number of TracFone executives who must testify at trial outnumber the number of Plaintiffs, and must testify more extensively than Plaintiffs because "Plaintiffs' claims revolve around TracFone's business practices," the convenience of witnesses weighs in favor of transfer.  Mot. at 7.  This factor does not weigh heavily, however, because all of the identified witnesses are party witnesses.  *See Kaur v. U.S. Airways, Inc.*, No. C-12-5963 EMC, 2013 WL 1891391 at *5 (N.D. Cal. May 6, 2013) ("courts have recognized that the convenience of *non-party witnesses* is more important than the convenience of  party witnesses, including representatives of corporate parties") (emphasis in original).  Neither party identifies non-party witnesses who would not be subject to the compulsory process of this Court.  *Jones*, *supra*, 211 F.3d at 498-99.

Although Plaintiffs emphasize the relative inconvenience to counsel of having to travel from California to Florida for court appearances, courts give no weight to inconvenience of counsel.  *See, e.g.*, *SPD Swiss Precision Diagnostics GmbH v. Church & Dwight Co., Inc.*, 2009 WL 981233 at *3

United States District Court

For the Northern District of California

1   (N.D. Cal. Apr. 13, 2009);  *Flores v. Zale Delaware, Inc*.,  2007 WL 4462992 at *3 (N.D. Cal. Dec.

2   17, 2007).

3          3.     Factors (4) - (8) are Neutral

4          a.     Ease of Access to Evidence

5        When the evidence is in electronic form, this factor is neutral or carries minimal weight.  *See,*

6   *e.g.*, *Sarinara v. DS Waters of Am. Inc*., No. C-13-0905 EMC,  2013 WL 3456687 at *2 (N.D. Cal.

7   July 9, 2013) ("ease of access to evidence is neutral, given the availability of digital records");

8   *Friends of Scot., Inc. v. Carroll*, No. C-12-1255 WHA, 2013 WL 1192956 at *3 (N.D. Cal. Mar. 22,

9   2013) ("with technological advances in document storage and retrieval, transporting documents does

10  not generally create a burden").  TracFone does not dispute that the relevant documents are in

11  electronic form. *See* Mot. at 2, 9; Opp. at 5.  Thus, ease of access to evidence weighs only

12  minimally, if at all, in favor of transfer.

13         b.     Familiarity of Each Forum With the Applicable Law

14       On the one hand, Plaintiffs assert that "Florida law applies to Plaintiffs' and class members'

15  claims because (1) a substantial part of the alleged misleading and deceptive conduct emanated from

16  Florida and (2) the bad faith, unfair and unlawful conduct occurred in Florida."  Compl. ¶ 111.

17  Plaintiffs allege common law claims as well as violations of Florida's Deceptive and Unfair Trade

18  Practices Act.  On the other hand, Plaintiffs have asserted in the alternative that "the laws of the

19  states in which each Plaintiff and each Class member resides apply" and have alleged violations of

20  California's UCL and CLRA.  Compl. ¶ 112.  Defendants assert that "the laws of the 50 states apply

21  to the claims of the national class."  Mot. at 9.

22       To the extent the laws of 50 states apply, neither forum is more familiar with the applicable

23  law.  Even if Florida law were to apply, the causes of action are based on generally applicable

24  common law (breach of contract, the implied covenant of good faith and fair dealing, unjust

25  enrichment) or consumer protection statutes (Florida's Unfair and Deceptive Practices Act) that

26  "federal courts are fully capable" of applying.  *Sonoda v. Amerisave Mortg. Corp*., No. C-11-1903

27  EMC, 2011 WL 2653565 at *3 (N.D. Cal. July 6, 2011) (quoting *Foster v. Nationwide Mut. Ins. Co.*,

28

No. C 07–04928 SI, 2007 WL 4410408 at *6  (N.D. Cal. Dec. 14, 2007)).  Thus, this factor is essentially neutral.

### c.    Feasibility of Consolidation with Other Claims

The action pending in the Southern District of Florida is based on similar claims and involves the same defendant TracFone.  Therefore, transferring this action would promote consolidation of the two actions.  On the other hand, it is not clear whether consolidation should occur in Florida or California.  The Florida action has not proceeded to a more advanced stage than this suit.  Furthermore, consideration must give to the first-to-file rule.  The first-to-file rule creates a presumption that favors venue in this district.[2]  Moreover, the parties have indicated one or more parties may file a motion with the JPML seeking consolidation, in which case the location may be determined by the JPML.

Finally, there are now two additional, similar actions against TracFone pending in this district.  *See* Docket No. 39; Nos. 4:13-cv-05295 KAW, 3:13-cv-05296 EDL.  The Court has granted the motion to relate those cases.  The center of gravity currently appears to be in this district.

### d.    Any Local Interest in the Controversy

This factor is neutral because, on the one hand, California has an interest in protecting its consumers, but, on the other hand, Florida has an interest in regulating its own corporations.

### e.    Relative Court Congestion and Time of Trial in Each Forum

TracFone points out that the median time from filing to trial is 14.8 months longer in the Northern District of California than in the Southern District of Florida.  *See* Reply at 11.  Plaintiffs contend that the more relevant comparison is the time from filing to disposition, which is only 1.6 months longer in the Northern District.  *Id*.  The parties do not provide any information about which statistic may be more representative for class action suits like the present case.  It is unclear whether any appreciable difference in time is expected.

---

[2] In *Bite Tech v. X2 Impact, Inc*., which TracFone cited in their briefs and during the hearing, this Court transferred the action; the action before the Court was the second-filed action.

**IV.    CONCLUSION**

The Court finds no factor weighs heavily in favor of transfer under § 1404.  Plaintiffs' choice of forum is supported by the contacts with California and the underlying presumption of the first-to-file rule.  Defendant's motion is **DENIED**.

This order disposes of Docket No. 22.


IT IS SO ORDERED.


Dated:  November 22, 2013

_____
EDWARD M. CHEN
United States District Judge