Ryan M. Sandrock (SBN 251781)
rsandrock@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104

Joel S. Feldman (admitted *pro hac vice*)
jfeldman@sidley.com
Lisa E. Schwartz (admitted *pro hac vice*)
lschwartz@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

Attorneys for Defendants
TRACFONE WIRELESS, INC.
d.b.a. STRAIGHT TALK WIRELESS
and WAL-MART STORES, INC.

Additional Counsel on signature page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID HANSEL, EDWARD TOOLEY, and CHRISTOPHER VALDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRACFONE WIRELESS, INC., d.b.a. STRAIGHT TALK WIRELESS, and WAL-MART STORES, INC.,<br><br>Defendants. | Case No. 13-cv-03440-EMC<br><br><br><br>**DEFENDANT'S MOTION TO STAY** |
| MARTIN BLAQMOOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRACFONE WIRELESS, INC.<br><br>Defendant. | Case No. 13-cv-05295-EMC |

| | |
|---|---|
| MONA GANDHI, MARISHA JOHNSTON, and MARSHALL TIETJE, individually and on behalf of all others similarly situated, | ) ) ) Case No. 13-cv-05296-EMC ) ) |
| Plaintiffs, | ) ) |
| v. | ) Date: February 6, 2014 ) Time: 1:30 p.m |
| TRACFONE WIRELESS, INC. | ) Place: Courtroom 5, 17th Floor ) Judge: Hon. Edward M. Chen |
| Defendant. | ) ) |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ........................................................................................ 1

MEMORANDUM AND POINTS OF AUTHORITY ..................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ..................................................................... 2

    The Hansel Action ............................................................................................... 2

    The Browning Action .......................................................................................... 3

    The Blaqmoor and Gandhi Actions ..................................................................... 3

    The Browning Settlement .................................................................................... 4

    Pending Motion Practice and Discovery in the California Case ......................... 4

ARGUMENT .................................................................................................................................. 5

I. A STAY OF THIS CASE IS IN THE INTERESTS OF JUSTICE AND WILL NOT PREJUDICE THE CALIFORNIA PLAINTIFFS ....................................................................... 5

    A.    The Settlement Process in Florida Should Resolve, But in Any Event Will Significantly Impact the California Cases. ............................................................ 5

    B.    The Parties Should Focus Their Energies on the Florida Settlement and Not the Pending Motions and Discovery in California. ................................................ 7

    C.    A Stay in the California Actions Will Not Prejudice the California Plaintiffs. ............................................................................................................... 8

    D.    TracFone Will Suffer Hardship if the Court Does Not Stay the California Actions. ..................................................................................................................... 8

CONCLUSION ............................................................................................................................... 8

**Table of Authorities**

Page(s)

**CASES**

*Advanced Internet Tech., Inc. v. Google, Inc.*,
   No. C-05-02579, 2006 WL 889477 (N.D. Cal. Apr. 5, 2006)..................................................2, 6

*Annunziato v. eMachines Inc.*,
   No. SACV 05-610, 2006 WL 5014567 (C.D. Cal. July 24, 2006) ....................................2, 6, 7

*Fernandez v. Boiron, Inc.*,
   No. SACV 11-1867-JST, 2012 WL 1889763 (C.D. Cal. Apr. 26, 2012) ..............................6, 8

*In re JPMorgan Chase LPI Hazard Litig.*,
   No. C-11-03058, 2013 WL 3829271 (N.D. Cal. July 23, 2013) .......................................1, 6, 7

*Jaffe v. Morgan Stanley DW, Inc.*,
   No. C06-3903, 2007 WL 163196 (N.D. Cal. Jan. 19, 2007) ..................................................1, 6

*Leyva v. Certified Grocers of Cal., Ltd.*,
   593 F.2d 857 (9th Cir. 1979) .....................................................................................................5

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) ...................................................................................................5

*Negotiated Data Solutions, LLC v. Dell Inc.*,
   No. CV-03-05755, 2008 WL 4279556 (N.D. Cal. Sept. 16, 2008) ...........................................5

*Perron v. Hewlett-Packard Co.*,
   No. 10-CV-00695, 2011 WL 1344221 (N.D. Cal. Apr. 8, 2011) ..............................................5

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 6, 2014 at 1:30 p.m., or as soon thereafter as this matter may be heard, in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, 17th Floor, before the Honorable Edward M. Chen, Defendant TracFone Wireless, Inc. ("TracFone") will and hereby does make this Motion to Stay.

TracFone respectfully requests that the Court grant its motion and enter an order staying all further proceedings and suspending all future deadlines in the three related cases pending before this Court – *Hansel, et al. v. TracFone Wireless, Inc.*, No. 3:13-cv-3440 (N.D. Cal.) ("*Hansel*"); *Blaqmoor, et al. v. TracFone Wireless, Inc.*, No. 3:13-cv-5295 (N.D. Cal.) ("*Blaqmoor*"); and *Gandhi, et al. v. TracFone Wireless, Inc.*, No. 3:13-cv-5296 (N.D. Cal.) ("*Gandhi*") (collectively, the "California Actions") –  for 90 days pending the outcome of settlement proceedings in *Browning, et al. v. TracFone Wireless, Inc.*, No. 1:13-cv-22882 (S.D. Fla.) ("*Browning*"), a nationwide class action involving the same claims and encompassing the putative classes of each of the California Actions.  TracFone further requests that the Court enter the stay subject to the parties' right to continue or lift the stay at the end of the initial 90 day period.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Joel S. Feldman, any documents filed in reply, the papers and pleadings on file in the above captioned actions, and such other oral and/or documentary evidence or argument as may be presented at the time of the hearing on this matter.

Counsel conferred by telephone regarding this motion on December 27, 2013.  Plaintiffs' counsel did not agree to a stay, but indicated that Plaintiffs would consider a limited stay on the condition of Defendants' agreement to provide discovery that Plaintiffs believe they would need to evaluate the Browning settlement. On December 30, 2013, Plaintiffs sent Defendants a list of discovery categories. Defendants have not yet responded regarding such discovery, but have indicated that they will respond promptly.  Plaintiffs intend to oppose the stay request absent agreement from Defendants regarding the discovery.

Dated:  December 31, 2013								SIDLEY AUSTIN LLP

By: /s/ Ryan M. Sandrock
    Ryan M. Sandrock

One of the Attorneys for Defendant TracFone Wireless, Inc.

## MEMORANDUM AND POINTS OF AUTHORITY

Defendant respectfully requests entry of a 90 day stay of all proceedings in the three cases before this court that each involve TracFone's marketing and sale of its unlimited cellular service plans: (1) *Hansel, et al. v. TracFone Wireless, Inc.*, No. 3:13-cv-3440 (N.D. Cal.); (2) *Blaqmoor, et al. v. TracFone Wireless, Inc.*, No. 3:13-cv-5295 (N.D. Cal.); and (3) *Gandhi, et al. v. TracFone Wireless, Inc.*, No. 3:13-cv-5296 (N.D. Cal.). A stay should be entered because the parties in *Browning, et al. v. TracFone Wireless, Inc. d/b/a Straight Talk Wireless, and Wal-Mart Stores, Inc.*, No. 13-22882 (S.D. Fla.), an action concerning the same TracFone practices, reached a settlement that encompasses the entirety of the claims and proposed classes in each of the California Actions.

Plaintiffs in all four actions assert virtually identical claims against TracFone (and, in *Hansel* and *Browning*, against Defendant Wal-Mart Stores, Inc.) based on allegations that TracFone falsely advertised its cellular service plans as providing unlimited data service when, according to Plaintiffs,[1] TracFone throttles or terminates its subscribers' data service. The only material difference is that the Browning proceeding is broader than the three related cases pending before this court. Browning asserts a national class on behalf of four service plans: TracFone, Net10, Telcel America and Simple Mobile. The California Plaintiffs' claims do not encompass Telcel America and seek a California only class regarding Net10, as pled in the *Gandhi* action.

Given that the broader *Browning* class asserts nearly identical factual allegations, approval of a final settlement in *Browning* would resolve all claims in the California Actions. At the very least, approval of the *Browning* settlement will have a major impact on what, if anything, of the California Plaintiffs' claims survive.

This Court should, accordingly, follow the many decisions from this District that enter a stay when there is a settlement pending in another class action that will impact the case before the court. *See, e.g., In re JPMorgan Chase LPI Hazard Litig.*, No. C-11-03058, 2013 WL 3829271, at *1 (N.D. Cal. July 23, 2013); *Jaffe v. Morgan Stanley DW, Inc.*, No. C06-3903, 2007 WL 163196, at *1

---

[1] "Plaintiffs" as used herein refers to the named Plaintiffs in *Browning*, *Hansel*, *Blaqmoor*, and *Gandhi*. "California Plaintiffs" as used herein refers to the named Plaintiffs in the actions pending before this Court – *Hansel*, *Blaqmoor*, and *Gandhi*.

(N.D. Cal. Jan. 19, 2007); *Annunziato v. eMachines Inc.*, No. SACV 05-610, 2006 WL 5014567, at *5 (C.D. Cal. July 24, 2006); *Advanced Internet Tech., Inc. v. Google*, *Inc.*, No. C-05-02579, 2006 WL 889477, at *2 (N.D. Cal. Apr. 5, 2006).

The California federal courts enter these stays based on judicial economy and common sense. It is judicially inefficient for a Court to preside over motion practice and discovery that may be mooted or severely curtailed or redirected. The parties should instead focus on the settlement proceeding (whether supporting or challenging it) rather than waste party and judicial resources litigating claims that will be encompassed within, and at the very least be significantly impacted by the settlement.

Under these circumstances, courts typically enter stays of a short duration. This precludes any potential prejudice to the California Plaintiffs. It also allows for the stay to be lifted should the settlement proceeding somehow get derailed, or the stay to be extended upon a showing that the settlement proceeding is progressing quickly. Should a stay be entered, the undersigned counsel will keep this Court apprised on the progress of the settlement proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

**The *Hansel* Action**

On July 24, 2013, Plaintiffs David Hansel, Edward Tooley, and Christopher Valdez (the "*Hansel* Plaintiffs") filed suit against TracFone in this District on behalf of a putative national class of all persons in the United States who purchased a Straight Talk unlimited data service plan from TracFone. *Hansel, et al. v. TracFone Wireless, Inc.*, No. 3:13-cv-3440 (N.D. Cal.) ("Hansel Compl.") marked as Ex. 2 to Declaration of Joel Feldman ("Feldman Declaration") attached as Exhibit A to this Memorandum. The *Hansel* Plaintiffs allege that TracFone falsely advertised its cellular data plans sold under the Straight Talk brand as providing unlimited data service when, in fact, TracFone throttled or terminated its subscribers' data service. Hansel Compl. at ¶ 1, Ex. 2 to Feldman Declaration. The *Hansel* Plaintiffs assert claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and violations of California and Florida consumer protection statutes. *Id.* at ¶¶ 113-73.

**The *Browning* Action**

On August 12, 2013, Plaintiff John Browning filed suit against TracFone in the Southern District of Florida. *Browning, et al. v. TracFone Wireless, Inc.*, No. 1:13-cv-22882 (S.D. Fla.) ("Browning Compl.") attached as Ex. 3 to Feldman Declaration. Like the *Hansel* Plaintiffs, Browning asserts claims for breach of contract in the form of an express warranty, unjust enrichment, and violation of Florida's consumer protection statute. Browning Compl. at ¶¶ 52-70, Ex. 3 to Feldman Declaration. Browning claims that TracFone engaged in deceptive and unfair trade practices by marketing its cellular data plans as providing unlimited data service when in actuality a subscriber's data service may be throttled or terminated. *Id.* at ¶ 1.

Browning filed his initial suit on behalf of a Florida class. On November 11, 2013, Browning sought leave to file an amended complaint. Browning Am. Compl. is attached as Ex 4 to Feldman Declaration. The amended complaint expanded the case to a national class (*id*. at ¶ 45) and, in addition to asserting claims concerning the TracFone service plan, also pursues claims against the Simple Mobile (*id*. at ¶¶ 24-25), Net10 (*id*. at ¶¶ 22-23), and Telcel America cellular plans (*id*. at ¶¶ 26-27). On November 13, the court granted the motion to amend, and stated that plaintiff must refile the amended complaint within five days. The *Browning* proceeding thus covers:

- A national class
- The TracFone, Simple Mobile, Net10 and Telcel America service plans

**The *Blaqmoor* and *Gandhi* Actions**

On November 14, 2013, two additional groups of plaintiffs filed suits in this District against TracFone, represented by the same counsel as the *Hansel* Plaintiffs. In one action, Plaintiff Martin Blaqmoor alleges claims against TracFone that are virtually identical to the claims alleged in *Hansel*. *Blaqmoor, et al. v. TracFone Wireless, Inc.*, No. 3:13-cv-5295 (N.D. Cal.) ("Blaqmoor Compl.") attached as Ex. 5 to Feldman Declaration. Blaqmoor seeks to represent a nationwide class of individuals who purchased an unlimited cellular service plan under TracFone's Simple Mobile brand. Blaqmoor Compl. at ¶ 66, Ex. 5 to Feldman Declaration. In the second action, Plaintiffs Mona Gandhi, Marisha Johnston, and Marshall Tietje allege the same claims with respect to

TracFone's Net10 brand.  *Gandhi, et al. v. TracFone Wireless, Inc.*, No. 3:13-cv-5296 (N.D. Cal.) ("Gandhi Compl."), attached as Ex. 6 to Feldman Declaration.  The *Gandhi* case asserts a California only class. See *id*. at ¶ 99.  This Court recently related *Blaqmoor* and *Gandhi* to *Hansel*.  *Hansel*, Dkt. No. 47.  The California Plaintiffs' proceeding thus covers:

- A national class for the TracFone service plan (the *Hansel* case)
- A California class for the Net10 service plan (the *Gandhi* case)
- A national class for the Simple Mobile service plan (the *Blaqmoor* case)

**The *Browning* Settlement**

The parties in *Browning* have engaged in settlement negotiations, including two separate mediation sessions.  On December 20, 2013, the parties reached a settlement in principle and executed a settlement term sheet. See Ex. 1 to Feldman Declaration.  The settlement covers consumers in the United States who purchased an unlimited service plan from TracFone under any of its brands, including Straight Talk, Simple Mobile, Net10, and Telcel.  *Id.* at p. 2.  The agreement provides monetary compensation to the class members in exchange for a release of their claims in connection with TracFone's unlimited cellular service plans.  *Id.* at pp. 2-5.  TracFone also agreed to certain modifications of its data usage policies, marketing materials, and disclosures, many of which it already implemented.  *Id.* at p. 5.  The proposed settlement agreement provides for comprehensive class notification procedures.  *Id.* at p. 6.

A motion for preliminary approval should be filed with the Florida district court on or before January 10, 2014.  Should the Florida court enter a preliminary approval order, then a final fairness hearing date will be set.  Any class member, including the California Plaintiffs, will have the opportunity to participate in the settlement proceedings and voice any objections to the settlement.

**Pending Motion Practice and Discovery in the California Case**

On December 19, 2013, TracFone filed a Motion to Compel Arbitration. *Hansel*, Dkt. No. 51.  TracFone concurrently filed motions to compel arbitration in the *Blaqmoor* and *Gandhi* cases as well. *Blaqmoor*, Dkt. 10; *Gandhi*, Dkt. 10. This Court's briefing schedule calls for plaintiff' opposition to be filed by January 23, 2014, reply briefs on February 6, 2014, with a hearing date set

DEFENDANT'S MOTION TO STAY – CASE NOS. 13-CV-03440-EMC; 13-CV-05295-EMC; 13-CV-05296-EMC

for February 27, 2014. *Hansel*, Dkt. No. 49.

Discovery is also pending. Plaintiffs have served interrogatories and document requests addressing class certification issues and the merits of plaintiffs claims. Responses presently are due on January 15, 2014. Plaintiffs have also requested the deposition of the declarant who provided background facts in support of Defendants' motions to compel arbitration.

## ARGUMENT

### I. A STAY OF THIS CASE IS IN THE INTERESTS OF JUSTICE AND WILL NOT PREJUDICE THE CALIFORNIA PLAINTIFFS.

This Court has the authority to stay the California Actions pending the outcome of the *Browning* settlement proceedings. "The power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket." *Perron v. Hewlett-Packard Co.*, No. 10-CV-00695, 2011 WL 1344221, at *1 (N.D. Cal. Apr. 8, 2011) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). The decision whether to grant a stay is left to the discretion of the district court. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

### A. The Settlement Process in Florida Should Resolve, But In Any Event Will Significantly Impact the California Cases.

Staying the California Actions while the Florida district court reviews the *Browning* settlement proposal serves the "orderly course of justice." In the context of parallel actions involving similar questions of law or fact, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979); *see also Negotiated Data Solutions, LLC v. Dell Inc.*, No. CV-03-05755, 2008 WL 4279556, at *1 (N.D. Cal. Sept. 16, 2008) ("A stay may be the most efficient and fairest course when there are 'independent proceedings which bear upon the case.'").

District courts in this Circuit routinely stay class actions pending the outcome of settlement proceedings in a parallel class action when the pending settlement could significantly impact the

case before the court.  *E.g.*, *In re JPMorgan Chase*, 2013 WL 3829271, at *1;  *Fernandez v. Boiron, Inc.*, No. SACV 11-1867-JST, 2012 WL 1889763, at *4 (C.D. Cal. Apr. 26, 2012);  *Jaffe*, 2007 WL 163196, at *1;  *Annunziato*, 2006 WL 5014567, at *5; *Advanced Internet Tech.,* 2006 WL 889477, at *2.

The theme of these cases sounds in judicial efficiency.   There is no reason for the court and the parties to expend resources on motion practice, briefing and discovery without knowing what the scope of the case will be.   Courts therefore enter stays of limited duration to see whether the settlement is approved and, if so, whether and to what extent it eliminates or circumscribes the proceeding before the court that enters the stay.

For example, in *Fernandez*, the court entered a stay because "the scope of the *Fernandez* Action cannot be determined until after a final determination is made as to the proposed *Gallucci* Settlement."  *Fernandez*,  2012 WL 1889763, at *4.  In *Advanced Internet*, a stay was entered because settlement of the competing class action "would have a material impact on the action here." *Advanced Internet*, 2006 WL 889477, at *2.  And in *Annunziato,* the court stayed the proceeding because,  if the other court approved the class settlement, then the parties would be spared significant amounts of discovery.  *Annunziato*, 2006 WL 5014567, at *5.

Here, approval of the *Browning* settlement should end the proceedings before this Court. The allegations in each of the four actions are virtually identical.  In each case, the named Plaintiff or Plaintiffs claim that that through its marketing, TracFone misled consumers into believing that TracFone provided unlimited data service when, in fact, that data service was subject to several limiting conditions that were either not disclosed or inadequately disclosed.  Browning Am. Compl. at ¶¶ 1, 6-8, Ex. 4 to Feldman Declaration; Hansel Compl. at ¶¶ 1, 3-5, Ex. 2 to Feldman Declaration; Blaqmoor Compl. at ¶¶ 1, 3-5, Ex. 5 to Feldman Declaration; Gandhi Compl. at ¶¶ 1-4, Ex. 6 to Feldman Declaration.  The causes of action asserted in each case also substantially overlap. Plaintiffs in all four actions allege breach of contract (in the form of breach of express warranty in *Browning*), unjust enrichment, and violation of Florida and/or California's consumer protection statutes.  Browning Am. Compl. at ¶¶ 59-77, Ex. 4 to Feldman Declaration; Hansel Compl. at ¶¶ 113-73, Ex. 2 to Feldman Declaration; Blaqmoor Compl. at ¶¶ 79-133, Ex. 5 to Feldman

Declaration; Gandhi Compl. at ¶¶ 109-62, Ex. 6 to Feldman Declaration.

Moreover, the settlement class in *Browning* not only encompasses, but is broader, than the putative classes in the California Actions. The Plaintiff in *Browning* purports to represent a nationwide class of all individuals who purchased an unlimited service plan from any of TracFone's brands, including Straight Talk, Net10, Simple Mobile, and Telcel America. Browning Am. Compl. at ¶¶ 2, 45, Ex. 4 to Feldman Declaration. In the three related actions before this court, the Telcel America brand is not covered and the Net10 service plan is brought on behalf of only a State of California class. Gandhi Compl. at ¶ 99, Ex. 6 to Feldman Declaration.

A stay, accordingly, should be entered so that the parties and this Court know whether there is anything left to litigate and, if so, the scope of any proceeding.

**B.     The Parties Should Focus Their Energies on the Florida Settlement and Not the Pending Motions and Discovery in California.**

Rather than expend resources to litigate issues that may be moot, curtailed or significantly redirected, it is most efficient for the parties to concentrate their efforts on the *Browning* settlement approval process. The *Browning* court's ruling on the fairness of the settlement determines whether there is anything left to litigate on the claims brought by the California Plaintiffs and, if so, the scope of any remaining claims.

Should counsel representing the California Plaintiffs object to the adequacy of the *Browning* settlement, then they can present their objection and have their day in court in the *Browning* case. Any possible objection "is not an issue properly before this Court," but is, instead, encompassed within the Browning court's settlement approval process. *JPMorgan*, 2013 WL 3829271, at *4; see also *Annunziato*, 2006 WL 5014567, at *5 n.5 (plaintiff's counsel's claim that the settlement "is 'not even remotely adequate'" should be presented to the court ruling on the fairness of the settlement). Indeed, the Hansel, Blaqmoor and Gandhi plaintiffs have already moved to intervene into the Browning case. *Browning*, Dkt. No. 34.

Focusing attention on the settlement approval process allows this court and the parties to

determine what, if anything, survives in the California actions and, then, to proceed—or not—in an efficient manner. In the absence of a stay, the parties must proceed to brief three separate Motions to Compel Arbitration. *Hansel*, Dkt. No. 51; *Blaqmoor*, Dkt. No. 10; *Gandhi*, Dkt. No. 10. These motions may well be moot depending on the outcome of the settlement approval process. It also makes little sense to respond to plaintiffs' written discovery requests when the proceedings before this Court may cease or be significantly curtailed in scope.

## C. A Stay in the California Actions Will Not Prejudice the California Plaintiffs.

If the Florida district court does not approve the *Browning* settlement, the California Plaintiffs can move to lift the stay and resume prosecution of their respective actions. This short delay in the ability to move forward with their claims does not prejudice the California Plaintiffs and is not grounds for opposing a stay. "The Court recognizes that a stay will force the Plaintiffs to delay prosecution of their claims…but any resulting hardship or inequity is minimal in comparison to the risk of uncertainly and chaos in proceeding while settlement approval is pending in the [parallel] Action." *Fernandez*, 2012 WL 1889763, at *4.

## D. TracFone Will Suffer Hardship if the Court Does Not Stay the California Actions.

As discussed above, if this Court does not stay the California Actions, TracFone will have to expend considerable resources engaging in extensive motion practice and discovery that very likely will be unnecessary should the Florida district court approve the *Browning* settlement. Such potential waste could easily be avoided, with no prejudice to the California Plaintiffs, by staying the California Actions pending the Florida district court's approval of the *Browning* settlement.

## **CONCLUSION**

The *Browning* settlement makes it possible for TracFone and the putative class members in the California Actions to resolve their claims. The Court therefore should enter an order staying all proceedings for 90 days and extending all deadlines in the California actions by 90 days.

| | |
|---|---|
| Dated: December 31, 2013 | SIDLEY AUSTIN LLP |
| | By: /s/ Ryan M. Sandrock |
| Ryan M. Sandrock (SBN 251781)<br>rsandrock@sidley.com<br>SIDLEY AUSTIN LLP<br>555 California Street, Suite 2000<br>San Francisco, California  94104<br><br>Joel S. Feldman (admitted *pro hac vice*)<br>jfeldman@sidley.com<br>Lisa E. Schwartz (admitted *pro hac vice*)<br>lschwartz@sidley.com<br>SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago, Illinois  60603<br><br>Attorneys for Defendant<br>TRACFONE WIRELESS, INC.,<br>d.b.a. STRAIGHT TALK WIRELESS | Steven J. Brodie (admitted *pro hac vice*)<br>sbrodie@carltonfields.com<br>Aaron S. Weiss (admitted *pro hac vice*)<br>aweiss@carltonfields.com<br>CARLTON FIELDS, P.A.<br>Miami Tower<br>100SE Second Street, Suite 4200<br>Miami, FL 33131-2119 |