Michael W. Sobol (State Bar No. 194857)
Roger N. Heller (State Bar No. 215348)
Nicole D. Sugnet (State Bar No. 246255)
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  (415) 956-1000
E-mail: msobol@lchb.com

Daniel M. Hattis (State Bar No. 232141)
HATTIS LAW
1134 Crane Street, Suite 216
Menlo Park, CA 94025
Telephone:  (650) 980-1990
E-mail: dan@hattislaw.com

Cornelius P. Dukelow (to be admitted *pro hac vice*)
ABINGTON COLE
320 South Boston Avenue, Suite 1705
Tulsa, Oklahoma 74103
Telephone:  (918) 588-3400
E-mail: cdukelow@abingtonlaw.com

*Attorneys for Plaintiffs in the Hansell, Blaqmoor, and Ghandi Actions*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID HANSELL, EDWARD TOOLEY, and CHRISTOPHER VALDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRACFONE WIRELESS, INC., d.b.a. STRAIGHT TALK WIRELESS, and WAL-MART STORES, INC.,<br><br>Defendants. | Case No.  13-cv-03440-EMC<br><br>**NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: May 22, 2014<br>Time: 1:30 p.m.<br>Judge: Hon. Edward M. Chen |

| | |
|---|---|
| MARTIN BLAQMOOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRACFONE WIRELESS, INC.<br><br>Defendant. | Case No. 13-cv-05295-EMC |
| MONA GANDHI, MARISHA JOHNSTON, and MARSHALL TIETJE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRACFONE WIRELESS, INC.<br><br>Defendant. | Case No. 13-cv-05296-EMC |
| JOHN BROWNING, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRACFONE WIRELESS, INC. d/b/a STRAIGHT TALK WIRELESS, NET10 WIRELESS, SIMPLE MOBILE and TELCEL AMERICA and WAL-MART STORES, INC.,<br><br>Defendants. | Case No. 14-cv-01347-EMC |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on May 22, 2014, at 1:30 p.m., in the Courtroom of the Honorable Edward M. Chen, United States District Court, 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, Plaintiffs in the related actions, *Hansell v. TracFone Wireless, Inc. et al.*, N.D. Cal. Case No. 13-cv-03440-EMC, *Blaqmoor v. TracFone Wireless, Inc.*, N.D. Cal. Case No. 13-cv-05295-EMC, and *Ghandi v. TracFone Wireless, Inc.*, N.D Cal. Case No. 13-cv-05296-EMC (hereinafter the "*Hansell* Plaintiffs"), will, and hereby do, move the Court to: (a) consolidate the four above-captioned actions pursuant to Fed. R. Civ. P. 42(a); (b) appoint Lieff Cabraser Heimann & Bernstein, LLP and Hattis Law as Interim Class Counsel, and Michael W. Sobol of Lieff Cabraser Heimann & Bernstein, LLP as Lead Plaintiffs' Counsel, in the consolidated proceedings; and (c) enter the Proposed Pre-Trial Case Management Order No 1, filed herewith.

This motion is based upon the accompanying memorandum, the accompanying declarations of Michael W. Sobol and Daniel M. Hattis, the argument of counsel, all papers and records on file in this matter, and such other matters as the Court may consider.

Dated: March 26, 2014  By:  */s/ Michael W. Sobol*
                             Michael W. Sobol

Michael W. Sobol (State Bar No. 194857)
Roger N. Heller (State Bar No. 215348)
Nicole D. Sugnet (State Bar No. 246255
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  (415) 956-1000
E-mail: msobol@lchb.com

- i -

MOTION TO CONSOLIDATE RELATED ACTIONS AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NOS.  13-CV-03440-EMC, 13-CV-05295-EMC, 13-CV-05296-EMC, 14-CV-01347-EMC

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs in the related actions, *Hansell v. TracFone Wireless, Inc. et al.*, N.D. Cal. Case No. 13-cv-03440-EMC, *Blaqmoor v. TracFone Wireless, Inc.*, N.D. Cal. Case No. 13-cv-05295-EMC, and *Ghandi v. TracFone Wireless, Inc.*, N.D Cal. Case No. 13-cv-05296-EMC (hereinafter the "*Hansell* Plaintiffs"), through their counsel of record, hereby submit this Motion to Consolidate Related Actions and for Appointment of Interim Class Counsel. By this motion, the *Hansell* Plaintiffs respectfully request that the Court: (a) consolidate the four above-captioned actions pursuant to Fed. R. Civ. P. 42(a); (b) appoint Lieff Cabraser Heimann & Bernstein, LLP and Hattis Law as Interim Class Counsel, and Michael W. Sobol of Lieff Cabraser Heimann & Bernstein, LLP as Lead Plaintiffs' Counsel, in the consolidated proceedings; and (c) enter the Proposed Pre-Trial Case Management Order No 1, filed herewith.

**I.   RELEVANT BACKGROUND**

This motion concerns four related class actions that are currently pending before this Court, three of which (*Hansell*, *Blaqmoor*, and *Ghandi*) were originally filed in this District and were previously ordered related by this Court pursuant to Civil Local Rule 3-12, and the other of which (*Browning v. TracFone Wireless, Inc. et al.*, N.D. Cal. Case No. 14-cv-01347-EMC) was originally filed in the Southern District of Florida and has now been transferred to this Court. All four actions involve an identical defendant, TracFone Wireless, Inc. ("TracFone"), and all four actions involve class claims stemming from substantially the same conduct: falsely advertising cell phone plans as providing "unlimited" data, while throttling or terminating customers' data once they exceed undisclosed data caps.

The first-filed of these actions, the *Hansell* action, was filed on July 24, 2013. Plaintiffs in *Hansell* allege that TracFone and Wal-Mart Stores, Inc. ("Walmart") (together, "Defendants") falsely advertise that their "Straight Talk" banded cell phone plans provide "unlimited" data, when in fact Defendants routinely limit customers' data through either throttling or terminating data access once the customer exceeds certain undisclosed limits or if Defendants' wireless network partners direct them to do so. *Hansell* Docket No. 1. The *Gandhi* and *Blaqmoor* actions, also originally filed in this District, involve substantially identical claims against TracFone,

1 addressing TracFone's "Net10" and "Simple Mobile" brands, respectively. On November 21, 2013, this Court ordered that the *Blaqmoor* and *Ghandi* actions be related to the *Hansell* action pursuant to Civil Local Rule 3-12. *Hansell* Docket No. 47.

On August 12, 2013, the *Browning* action was filed in the Southern District of Florida, alleging substantially identical claims against the same Defendants, TracFone and Wal-Mart. The *Browning* action originally addressed only TracFone's "Straight Talk" brand, but was later amended, on November 28, 2013 (shortly before the parties in *Browning* notified the *Browning* court they had reached a settlement) to include the "Net 10" and "Simple Mobile" brands, as well as a fourth TracFone brand, "Telcel America." *Browning* Docket No. 1, 28.

On November 22, 2013, this Court denied Defendants' motion to transfer venue in *Hansell* to the Southern District of Florida. *Hansell* Docket No. 50. On December 5, 2013, the *Hansell* Plaintiffs filed, in the *Browning* action, a Motion to Intervene and to Dismiss or, in the Alternative, to Stay Action, on the basis of the First-Filed Rule. *Browning* Docket No. 34 ("Motion to Intervene").

On December 20, 2013, the parties in *Browning* filed a Notice of Settlement, notifying the *Browning* court that they had reached a settlement before any significant litigation of the claims there had occurred. *Browning* Docket No. 43. Settlement discussions in *Browning* had commenced after Defendants unsuccessfully approached the *Hansell* Plaintiffs about settlement. On February 10, 2014, the parties in *Browning* filed a proposed class settlement, together with a motion for preliminary settlement approval. Under the proposed *Browning* settlement, the monetary relief for the class would have consisted of a claims process whereby class members could submit claims by mail for payments, mostly in the amounts of $1 and $5 per class member. The proposed *Browning* settlement also provided for up to $1.125 million in attorneys' fees and costs for plaintiff's counsel in *Browning*, even though virtually no litigation had occurred in the case. *Browning* Docket No. 51.

On March 12, 2014, the *Browning* court held a hearing on the *Hansell* Plaintiffs' Motion to Intervene. On March 19, 2014, the *Browning* court entered an order transferring the *Browning*

action to this Court, pursuant to 28 U.S.C. § 1404(a), and denying as moot the motion for preliminary settlement approval filed in *Browning*. *Browning* Docket No. 61.

## II. THE COURT SHOULD CONSOLIDATE THE RELATED *HANSELL*, *BLAQMOOR*, *GHANDI*, AND *BROWNING* ACTIONS PURSUANT TO RULE 42(a)

Under Federal Rule of Civil Procedure 42(a), the Court has broad discretion to consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate actions, courts should weigh "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984).

The *Hansell*, *Blaqmoor*, *Ghandi*, and *Browning* actions should be consolidated pursuant to Rule 42(a). All four actions involve an identical defendant, are predicated on substantially similar conduct and factual allegations—*i.e.*, TracFone's advertising of "unlimited" plans and contrary policies and practices of throttling and suspending customers' data access when customers exceed undisclosed, internally-set limits—and involve substantially similar legal claims. The *Hansell*, *Blaqmoor*, and *Ghandi* actions have already been ordered related in recognition of this commonality. Moreover, as Defendants previously acknowledged to this Court, the *Browning* action involves the "same alleged conduct" and "virtually identical allegations." *Hansell* Docket No. 22 at 1-2.[1] While there are some differences in the specific legal claims asserted in the *Browning* action, the four actions all raise similar claims,[2] and seek essentially the same relief.

---

[1] Indeed, much of the language from the *Browning* complaint tracks, nearly word-for-word, the language of the complaints in the related cases filed in this District. *Compare, e.g., Hansell* Docket No. 1 at ¶ 3 ("Defendants throttle or terminate data access when subscribers near or exceed Defendants' internally established, but undisclosed, data usage limits.") with *Browning* Docket No. 28 at ¶ 8 ("Defendant TracFone again 'throttles' or terminates the consumer's access to data when the consumer has approached or exceeded Defendant's internally proscribed and undisclosed data usage limits.").

[2] All four actions allege claims for breach of contract/breach of express warranty, unjust enrichment and for violations of Florida's Deceptive and Unfair Trade Practices Act. In addition, the *Hansell*, *Blaqmoor*, and *Ghandi* actions allege claims for breach of the implied covenant of good faith and fair dealing, unconscionability, and violations of California's Unfair Competition

- 3 -

Consolidation of these actions will promote judicial economy, as it will save the parties and the Court significant time and expenses. Fact and expert discovery in these four actions will overlap substantially, as will motions practice.

On the other side of the balance, there would be no material inconvenience, delay or added expense if the actions were consolidated. To the contrary, consolidation will promote convenience and efficiency, and will reduce overall expenses of the litigation for the Court and all parties involved.

### III. ORGANIZATION OF PLAINTIFFS' COUNSEL

To facilitate the efficient and orderly prosecution and management of the consolidated actions, the *Hansell* Plaintiffs seek entry of an order appointing Interim Class Counsel and Plaintiffs' Lead Counsel.

#### A. Appointment of Interim Class Counsel

The *Hansell* Plaintiffs request that the Court appoint Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") and Hattis Law to serve as Interim Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). The appointment of Interim Class Counsel will benefit the Court, Defendants, and the proposed class members because it will provide an organized, managed structure that can only be achieved through the appointment of a unified voice to advocate the interests of the several plaintiffs. As described below, LCHB and Hattis Law are well-qualified to be appointed Interim Class Counsel, and have already demonstrated key qualities for the position.

Rule 23(g)(3) provides that, "[t]he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." *See*, *e.g.*, *In re Bank of Am. Credit Prot. Mktg. & Sales Practices Litig.*, 2011 U.S. Dist. LEXIS 135674, *17 (N.D. Cal. Nov. 23, 2011). Rule 23(g) provides that:

> (1) In appointing class counsel, the court:
>
> (A) must consider:

---

Law and Consumer Legal Remedies Act.

- 4 -

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P 23(g)(1)(A).

The Advisory Committee Notes on Rule 23(g) provide context for its application: "Rule 23(g)…responds to the reality that the selection and activity of counsel are often critically important to successful handling of a class action . . . . This subdivision recognizes the importance of class counsel, states the obligation to represent the interest of the class, and provides a framework for selection of class counsel."  LCHB and Hattis Law meet the requirements of Rule 23(g) for appointment as Interim Class Counsel and should be so appointed.

### 1. **Proposed Interim Class Counsel Identified and Investigated the Issues and Potential Claims in these Actions**

LCHB and Hattis Law identified the problems at issue in these actions, have communicated with dozens of prospective class members about their experiences, and have thoroughly investigated and researched the factual and legal issues raised in these actions.

Before filing the initial *Hansell* complaint, and before filing the *Blaqmoor* and *Ghandi* complaints, LCHB and Hattis Law performed extensive legal research regarding the potential claims in these actions, and conducted extensive factual investigation regarding, among other things, TracFone's representations to customers about "unlimited" cell phone plans and its practices of throttling and terminating customers' data access.  This multifaceted investigation became the basis for the detailed factual and legal analyses that are reflected in the complaints filed.  Through these efforts, and through their ongoing research and investigation efforts, LCHB and Hattis Law have developed a detailed and sophisticated understanding of the factual and legal

- 5 -

MOTION TO CONSOLIDATE RELATED ACTIONS AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NOS.  13-CV-03440-EMC, 13-CV-05295-EMC, 13-CV-05296-EMC, 14-CV-01347-EMC

issues involved in these actions. *See* Declaration of Michael W. Sobol, filed herewith ("Sobol Decl."), ¶¶ 6-7); Declaration of Daniel M. Hattis, filed herewith ("Hattis Decl."), ¶¶ 5-6.

### 2. Proposed Interim Class Counsel Bring Extensive Relevant Experience to This Matter

Proposed Interim Class Counsel bring to these actions extensive relevant experience and knowledge. As discussed in the accompanying Sobol Decl., LCHB has served as class counsel and in other leadership positions in numerous consumer class actions and other complex matters, including in the area of false advertising. Sobol Decl., ¶¶ 2-5, Ex. A. Hattis Law has also represented consumers in class actions and other complex matters, including matters involving false advertising claims, and also brings to the table extensive knowledge regarding the technology and telecommunications businesses, which will further benefit the prosecution of this matter. Hattis Decl., ¶¶ 3-4, Ex. A. Accordingly, proposed Interim Class Counsel will provide the proposed class members here with excellent relevant experience and expertise and in-depth knowledge of the applicable law that are the hallmarks of class counsel under Rule 23(g).

### 3. Proposed Interim Class Counsel Have Proven Knowledge of the Applicable Law

As discussed in the accompanying declarations, proposed Interim Class Counsel have significant experience litigating class cases regarding false advertising and other subjects relevant to these actions, and have proven knowledge of the law applicable to the claims in these actions. Sobol Decl., ¶¶ 2-5; Hattis Decl., ¶¶ 3-4. For example, LCHB was appointed as Class Counsel, and LCHB's Michael W. Sobol was appointed as Lead Plaintiffs' Counsel, in *In re Apple & AT&T iPad Unlimited Data Plan Litigation*, N.D. Cal. Case No. 10-cv-02553 RMW, which involved claims that defendants made false representations regarding access to an unlimited data plan for the iPad device. LCHB and Hattis Law were Co-Class Counsel in *Brazil v. Dell Inc.*, N.D. Cal. Case No. 07-cv-01700, which involved claims that defendant engaged in false reference price advertising in connection with its sale of computers. *Ibid.*

- 6 -

MOTION TO CONSOLIDATE RELATED ACTIONS AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NOS. 13-CV-03440-EMC, 13-CV-05295-EMC, 13-CV-05296-EMC, 14-CV-01347-EMC

### 4. As Their Work in This Matter and in Other Cases Demonstrate, Proposed Interim Class Counsel Will Commit The Resources Necessary To Prosecute This Matter

As their records of successful representation demonstrate, there is no question that LCHB and Hattis Law have adequate resources to prosecute this matter on behalf of the proposed class members. Indeed, for more than 30 years, LCHB has maintained a practice built around class and complex litigation, and LCHB has a long history of committing the resources necessary to generate excellent results for the classes it represents. Sobol Decl. ¶¶ 2-5, Ex. A.

Moreover, LCHB and Hattis Law have already demonstrated, in these actions, that they are fully committed to vigorously prosecuting these actions on behalf of the proposed class members. Among other things, they have opposed Defendants' motion to transfer venue in *Hansell*, successfully invoked the first-filed rule in getting the *Browning* matter transferred to this Court, propounded written discovery regarding liability issues, taken the deposition of a TracFone executive who filed declarations in support of TracFone's arbitration motions, taken discovery regarding issues related to the proposed settlement in *Browning*, and are prepared to oppose TracFone's arbitration motions if any when they are re-filed. Pursuant to Fed. R. Civ. P. 23(g)(1)(B), the Court should take into account LCHB's and Hattis Law's proven dedication to the proposed class members as demonstrated by their efforts to date.[3]

LCHB and Hattis Law have already committed significant resources to this matter, and they both remain ready, willing, and able to continue to commit the resources necessary to prosecute this matter on behalf of the proposed class members. Sobol Decl. ¶¶ 6-7; Hattis Decl., ¶¶ 5-6.

### B. Appointment of Plaintiffs' Lead Counsel

The *Hansell* Plaintiffs also respectfully seek the appointment of Michael W. Sobol of LCHB as Plaintiffs' Lead Counsel. As proposed, Plaintiffs' Lead Counsel will be generally

---

[3] By contrast, before any meaningful litigation occurred there, counsel for plaintiff in the *Browning* action agreed to a settlement that has all of the hallmarks of "reverse auction" settlement. To the extent there may be competing requests for Rule 23(g) appointment, there is no question that LCHB and Hattis Law are best qualified and best suited to represent the interests of the proposed class members here. *See* Fed. R. Civ. P. 23(g)(2)

- 7 -

responsible for coordinating the activities of Plaintiffs at all stages of the consolidated actions and any other related cases that may be made part of these consolidated proceedings (collectively the "Consolidated Actions"). In addition, Plaintiffs' Lead Counsel will have the following responsibilities with respect to the Consolidated Actions:

1. Conduct and direct all litigation on behalf of the Plaintiffs;
2. Coordinate and assign all work responsibilities among Plaintiffs' counsel, and monitor the activities of Plaintiffs' counsel to ensure that Plaintiffs' efforts in the Consolidated Actions are conducted effectively, efficiently, and economically, and that schedules are met.
3. Confer with all Plaintiffs' counsel as appropriate, and encourage full cooperation and efficiency among all Plaintiffs' counsel;
4. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by designee) to the Court and opposing parties the position of the Plaintiffs on all matters;
5. Serve as the spokesperson on behalf of Plaintiffs at court appearances, and in communications between Plaintiffs' counsel and Defendant's counsel regarding the prosecution, mediation, or settlement of the Consolidated Actions.
6. Coordinate, initiate, and conduct discovery on behalf of Plaintiffs, consistent with the requirements of Fed. R. Civ. P. 26;
7. Require assessments from Plaintiffs' counsel sufficient to fund the necessary and appropriate costs of discovery and other common benefit efforts;
8. Consult with and employ consultants or experts, as necessary;
9. Coordinate and lead any settlement discussions or other ADR efforts on behalf of Plaintiffs;
10. Enter into stipulations with opposing counsel as necessary for the conduct of the Consolidated Actions;

11. Receive and distribute to Plaintiffs' counsel, as appropriate, Orders, notices, correspondence from the Court, and discovery pleadings, correspondence and other documents from Defendants, to the extent such documents are not electronically filed;

12. Communicate with the Court, on behalf of Plaintiffs, regarding scheduling and other administrative matters; and

13. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' activities or as authorized by further order of the Court.

**IV.   CONCLUSION**

For the foregoing reasons, the *Hansell* Plaintiffs respectfully request that the Court: (a) consolidate the four above-captioned actions pursuant to Fed. R. Civ. P. 42(a); (b) appoint Lieff Cabraser Heimann & Bernstein, LLP and Hattis Law as Interim Class Counsel, and Michael W. Sobol of LCHB as Lead Plaintiffs' Counsel, in the consolidated proceedings; and (c) enter the Proposed Pre-Trial Case Management Order No 1, filed herewith.

- 9 -

MOTION TO CONSOLIDATE RELATED ACTIONS AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NOS.  13-CV-03440-EMC, 13-CV-05295-EMC, 13-CV-05296-EMC, 14-CV-01347-EMC

| | |
|---|---|
| Dated:  March 26, 2014 | By: */s/ Michael W. Sobol* <br> Michael W. Sobol |

Michael W. Sobol (State Bar No. 194857)
Roger N. Heller (State Bar No. 215348)
Nicole D. Sugnet (State Bar No. 246255)
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  (415) 956-1000
E-mail: msobol@lchb.com

Daniel M. Hattis (State Bar No. 232141)
HATTIS LAW
1134 Crane Street, Suite 216
Menlo Park, CA 94025
Telephone:  (650) 980-1990
E-mail: dan@hattislaw.com

Cornelius P. Dukelow (to be admitted pro hac vice)
ABINGTON COLE
320 South Boston Avenue, Suite 1705
Tulsa, Oklahoma 74103
Telephone:  (918) 588-3400
E-mail: cdukelow@abingtonlaw.com

*Attorneys for Plaintiffs in the Hansell, Blaqmoor, and Ghandi Actions*

1166379.2