United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TRACFONE UNLIMITED SERVICE PLAN LITIGATION<br><br>_____/ | No. C-13-3440 EMC<br><br>**ORDER DENYING OBJECTOR BIRNER'S MOTIONS FOR RECONSIDERATION OF THIS COURT'S PRIOR ORDERS**<br><br>**(Docket Nos. 160, 163)** |

      Pending before the Court is Objector Alexander Birner's motion for reconsideration of this Court's order and judgment on the merits granting final approval of the class action settlement in this case, awarding class counsel the full amount of their requested attorneys' fees, and awarding the named class representatives service awards. *See* Docket No. 163 (Motion); *see also In re Tracfone Unlimited Service Plan Litig.*, -- F. Supp. 3d --, 2015 WL 4051882 (N.D. Cal. 2015) (Order); Docket No. 154 (Judgment). Birner has also filed a separate motion for reconsideration of this Court's order denying Birner's request for additional time to conduct further discovery regarding his status as a class member. Docket No. 160. The Court previously determined that Birner does not have standing to object to the settlement because he is not a class member, and further concluded that Birner was not entitled to additional time or additional discovery because "Birner has made an insufficient showing that it [is] likely that he [will] ever find evidence in the discovery provided to him that contradicts TracFone's direct assertion that he was never throttled" (*i.e.*, is not a class member). *In re TracFone*, 2015 WL 4051882, at *11 n.5. For the reasons explained below, Birner's motions for reconsideration are **DENIED**.

While Federal Rule of Civil Procedure 59(e)[1] grants this Court the power to reconsider or amend its previous orders, the "rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011). A motion under Rule 59(e) is procedurally improper where the movant makes "repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment." *Costello v. U.S. Government*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (citations omitted); *see also Hamilton v. Thomson*, No. 09-cv-648 CW, 2014 WL 988702, at *1 (N.D. Cal. Mar. 10, 2014) ("A motion under Rule 59(e) is not a vehicle permitting the unsuccessful party to 'rehash' arguments previously presented.").

Here, all of the arguments presented in Birner's motion to reconsider this Court's decision granting final settlement approval on the merits were previously presented to (and rejected by) this Court. They are no more convincing this time around, especially given that Birner's cites no new facts or binding authorities in his motion.[2] For instance, Birner argues that the class definition is improper because "as a practical matter it permits TracFone to exclusively 'adjudicate' class

---

[1] Birner purports to bring his motion for reconsideration on the merits pursuant to Federal Rule of Civil Procedure 60. *See* Docket No. 163. Where, however, the motion for reconsideration is brought within 28 days of the entry of the offending order and judgment, Federal Rule of Civil Procedure 59(e) applies. *See* Fed. R. Civ. P. 59(e) (providing that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"); *see also Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (holding that Rule 59(e) is appropriate procedural vehicle for motion for reconsideration filed within the time limit provided under Rule 59). Ultimately, Birner's mis-citation to Rule 60 is of no consequence, because the Court would deny his motion under the more restrictive standards proscribed by Rule 60 as well.

[2] Indeed, Birner's motion only cites to one Ninth Circuit case, and the case is cited solely for the general proposition that punitive damages may be awarded to punish fraudulent conduct. *See* Docket No. 163 at 16 (citing *In re Late Fee and Over-Limit Fee Litig.*, 741 F. 3d 1022 (9th Cir. 2014)).

membership." Docket No. 163 at 3. This is incorrect. Whether an individual is a member of the class depends on whether their data service was terminated, suspended or throttled; a historical *fact* that can definitively and objectively proved using TracFone's business records. *See In re TracFone*, 2015 WL 4051882, at *1. Merely because TracFone's business records are being used to determine class membership does not mean that TracFone is effectively deciding (or "adjudicating", in Birner's words) on an *ad hoc* basis who is or is not a class member. Notably, Birner cites no case law prohibiting the use of a defendant's business records as contemplated by this settlement. Nor has Birner presented any evidence to suggest that TracFone is manipulating its records or otherwise excluding (or including) individuals from the class who otherwise qualify as class members. Birner's argument is therefore entirely without merit.

Birner's next contention – that the class definition is impermissibly under-inclusive because it does not include individuals (like Birner himself) whose data was *never* throttled, suspended or terminated – is equally meritless. At bottom, Birner argues that even those individuals who were not actually throttled, suspended, or terminated, were injured by TracFone's allegedly misleading advertisements regarding "unlimited" data, and are thus entitled to some monetary relief. Even if Birner were correct, however, it is irrelevant here. Contrary to Birner's assertion, non-class members are not being improperly "*denied* relief for their economic injury." Docket No. 163 at 6 (emphasis added). Rather, because they are not class members, their rights are simply not being adjudicated in this action one way or the other and they are not releasing any claims.

Birner's remaining arguments in his motion for reconsideration on the merits are also without merit; the Court will not address them individually here because they were fully addressed in this Court's earlier order and Birner has not cited any new precedent or evidence that merits reconsideration. *See In re TracFone*, 2015 WL 4051882, at *7 (rejecting Birner's argument that "the settlement does not adequately compensate those few class members whose service was entirely terminated"); *id.* at *4 (rejecting Birner's argument "that the arbitration provision would be held unenforceable under California law"); *id.* at *9 (rejecting Birner's argument that "the settlement was solely the work of the FTC"); *id.* at *7 (rejecting Birner's argument that "class members could obtain punitive damages if they pursued this case through trial").

Birner's request for reconsideration of this Court's order denying him additional time to conduct discovery into his standing as a class member is also denied.[3]  This Court has previously found that Birner is not a class member, and that he "made an insufficient showing that it was likely that he would ever find evidence in the discovery provided to him that contradicts TracFone's direct assertion that he was never throttled, even if the Court permitted Birner extra time to review or conduct such discovery."[4]  *In re Tracfone*, 2015 WL 4051882, at *11 n.5.  Birner's motion for reconsideration does not make any additional showing that he has found (or is likely to ever find) evidence that demonstrates that he is a class member.  And even if he did somehow prove his standing as a class member, it would not change the outcome here.  The Court has already considered all of Birner's objections on the merits *as if he was a class member*, and found them to be without merit.  *See In re Tracfone*, 2015 WL 4051882, at *1 (noting that the Court "determines that [Birner's] objection is without merit").  Birner has thus failed to establish a legitimate need for additional discovery.

This order disposes of Docket Nos. 160 and 163.

IT IS SO ORDERED.

Dated:  August 10, 2015

_____
EDWARD M. CHEN
United States District Judge

---

[3]  Birner has already received the same discovery provided to class counsel, which amounts to over 100,000 documents and several deposition transcripts.  To the extent that the parties failed to provide Birner with all of the exhibits to the depositions, or passwords to any password protected documents, they now aver that Birner has been provided with this information.  *See* Docket No. 167 at ¶¶ 8, 20.

[4]  TracFone provided unrebutted evidence that Birner's phone number was never throttled and that he never used sufficient data in a given month to be eligible for throttling.  *See* Docket No. 137-1